IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ROGER GROVE**   *   Case No. 3:16-cv-00424
3305 Scottsdale Avenue
Springfield, Ohio   45504   *

    Plaintiff,   *

vs.   *

**LIFE INS. CO. OF NORTH AMERICA**   *
Office of Corporate Legal Counsel
1601 Chestnut Street   *
Philadelphia, Pennsylvania   19192-2235
    *
    Defendant.

## COMPLAINT FOR WRONGFUL DENIAL OF ERISA BENEFITS

Plaintiff Roger Grove, for his complaint against the Defendant, Life Insurance Company of North America ("LINA"), states as follows:

### PARTIES

1. At all times relevant herein, Plaintiff was a resident of Springfield and Clark County, Ohio, and an employee of Dean Foods Company ("DFC").

2. DFC established and maintained an employee health benefits program, including a group short and long term disability plan (the "Plan").

3. Upon information, Defendant LINA was the underwriter of the fully insured benefits payable by the Plan.   LINA's affiliated company, CIGNA Group Insurance Co., had authority to review claims and determine eligibility for benefits under the Plan. LINA and CIGNA Group Insurance Co. are both subsidiaries of CIGNA Corporation.

4. Plaintiff was a beneficiary under the Plan and entitled to seek benefits under it.

5. The administration of the Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

## JURISDICTION AND VENUE

6. This is an action against Defendant for recovery of benefits under ERISA and within the jurisdiction of this Court pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. §1331.

7. Pursuant to ERISA, 29 U.S.C. § 1132(e)(2), venue is properly laid in the Southern District of Ohio, Western Division at Dayton, because the breach of the Plan occurred in Clark County, Ohio.

## ALLEGATIONS OF FACT

8. Plaintiff was employed by DFC as a machine operator.

9. Plaintiff became disabled from work as of 5/27/2015 due to severe chronic neck/midback/lowback pain from cervical spondylosis, multi-level spinal disk displacement, thoracic spine herniations, and degenerative disc disease.

10. Defendant initially approved payment to Plaintiff of short term disability ("STD") benefits under the Plan, effective June 2015.

11. On or about 9/16/2015, Defendant suspended Plaintiff's eligibility for STD Plan benefits.

12. Following suspension of his STD benefits, Defendant did not notify Plaintiff it had denied his claim. As a result, Plaintiff continued to contact Defendant repeatedly to inquire what he needed to do to reinstate payment of his benefits.

13. In response to Plaintiff's inquiries, Defendant's Claim Manager advised him to submit additional medical information in support of his disabling condition, which Plaintiff attempted to do by forwarding additional office visit notes from his primary care physician and a disability evaluation by his pain management specialist.

14. Plaintiff nevertheless was unable to obtain any definite resolution from Defendant regarding his claim status for a period four months after his benefits were terminated.

15. In January 2016, Plaintiff retained legal counsel, who contacted Defendant on 1/21/2016 to request and obtain formal notification from Defendant regarding the status of its decision on Plaintiff's STD claim.

16. In a letter dated 2/16/2016, Defendant notified Plaintiff that it would not pay benefits beyond 9/16/2015 and that the medical information provided by Plaintiff "does not continuously demonstrate functional loss."

17. In a 2/23/2016 letter from his counsel, Plaintiff informed Defendant that he wished to exercise his appeal rights under the Plan and requested a copy of his administrative claim file to assist with preparation of the appeal.

18. On 6/11/2016, Plaintiff submitted, via confirmed fax, an appeal of his denied claim which was directed to a specific claim representative as instructed in Defendant's 2/16/2016 decision letter.

19. Plaintiff's appeal included additional medical comment from his primary care physician addressing five issues Defendant had raised in its adverse decision letter. Plaintiff also submitted a 1/28/2016 notice of award letter from the Social Security Administration confirming the approval of his claim for Social Security disability benefits.

20. Over 90 days passed and Plaintiff heard no response from Defendant, nor received any notification of the need for an extension of time to review the appeal.

21. On or about 9/26/2016, Plaintiff's counsel contacted Defendant to inquire about the status of the appeal. Defendant informed Plaintiff that the appeal information had not been processed for review.

22. As a result of Defendant's own failure to act within a reasonable time on Plaintiff's attempt to appeal the denial of his claim, all statutory and conditions precedent have been complied with by Plaintiff prior to the institution of this action.

## ACTION TO RECOVER BENEFITS

23. Plaintiff restates the allegations contained in paragraphs 1 through 22 above as if fully restated herein.

24. In denying Plaintiff's claim for disability benefits that were and are critical to his family's financial well-being, Defendant has failed to provide a full and fair review within a reasonable time and within the time periods mandated by the Plan and by ERISA.

25. Defendant's procedural violations of the Plan and ERISA have resulted in substantive harm to Plaintiff and entitle Plaintiff to de novo review by this Court of Defendant's claim decision.

26. Defendant has engaged in a review of Plaintiff's claim which has unfairly, wrongfully and arbitrarily denied Plaintiff's claim for short term disability benefits despite Plaintiff's submission of medical evidence establishing that Plaintiff was and remains physically incapable of performing his own or any gainful occupation.

27. As a result of Defendant's wrongful and arbitrary denial of Plaintiff's eligibility for short term disability benefits, Plaintiff has been denied the opportunity to be approved for long term disability benefits which would also be available to him under the Plan.

WHEREFORE, Plaintiff demands judgment against Defendant for the short term and long term disability benefits payable to him under the Plan; for interest, costs and attorney's fees under ERISA; and for any and all other relief deemed just and equitable.

    *s / R. Mark Henry*
R. Mark Henry   (0062546)
130 W. Second St., Suite 1818
Dayton, Ohio   45402
Telephone: (937) 226-1212
Fax: (937) 226-1224
Email: *rmhenry@donet.com*
Trial Attorney for Plaintiff Roger Grove